# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LANE** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 21-3780** |
| | : | |
| **v.** | : | |
| | : | |
| **BERNADETTE MASON,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 26th day of July 2023, upon consideration of Petitioner Michael Lane's ("Petitioner") *original and amended/supplemental pro se petition for writ of habeas corpus* (the "Petition"), [ECF 2, 21], the Report and Recommendation, issued by United States Magistrate Judge Lynne A. Sitarski, which recommended that the Petition be denied, [ECF 30], and Petitioner's *pro se* objections, [ECF 33, 34], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The objections to the Report and Recommendation are **OVERRULED**;[1]

---

[1] On August 23, 2021, Petitioner Michael Lane ("Petitioner") filed a *pro se* petition for a writ of *habeas corpus* against the Lehigh County District Attorney, the Attorney General of the Commonwealth of Pennsylvania, and Superintendent Bernadette Mason (collectively, "Respondents"), asserting four principal claims, some with subclaims. In the petition, Petitioner raised, *inter alia*, the following claims: (1) the imposition of an illegally enhanced sentence, (2) the denial of a fair trial, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of his Post-Conviction Relief Act counsel (the "PCRA counsel"). The petition was referred to United States Magistrate Judge Lynne A. Sitarski (the "Magistrate Judge") for a Report and Recommendation (the "R&R"). Thereafter, Petitioner filed an amended/supplemental petition (together, with the initial petition, the "Petition"), which included a violation of due process claim based on Petitioner being excluded from the courtroom during his trial. The Magistrate Judge considered the Petition and issued a thorough, well-reasoned, thirty-one-page R&R recommending that the Petition be denied.

The R&R fully summarized the pertinent facts of this matter. To provide context to Petitioner's objections, the following is a brief narrative of the relevant facts:

Petitioner was charged with robbery, aggravated assault, and possessing instruments of crime. During the course of the jury trial, Petitioner engaged in disruptive behavior, including constant outbursts, an unwillingness to adhere to courtroom decorum severe enough to require implementing extra security measures in the courtroom. After several warnings, Petitioner was excluded from the courtroom due to his disruptive behavior. Despite multiple warnings, including the possible consequences of his outbursts, Petitioner's behavior continued on a daily basis, and each day, he was removed from the courtroom.

On August 14, 2003, Petitioner was convicted by a jury of multiple counts of robbery, aggravated assault, and possessing instruments of crime, stemming from a convenience store hold-up. Following his conviction, the sentencing judge, not the jury, determined that Petitioner was subject to the "Three Strikes Law," 42 Pa. Cons. Stat. § 9714, based on two prior convictions of crimes of violence—a murder in 1972, when Petitioner was fifteen years old, and a murder in 1978. The judge imposed an enhanced sentence of life without parole.

Following protracted appeal and post-conviction proceedings in state court, wherein Petitioner proceeded sometimes with counsel and other times *pro se*, Petitioner filed the Petition with this Court. The Magistrate Judge carefully reviewed the Petition and concluded that Petitioner's claims were either procedurally defaulted, not cognizable, or without merit. Petitioner filed timely objections to the R&R, arguing that the Magistrate Judge incorrectly found that (1) Petitioner's procedurally defaulted claims are not excused, (2) his ineffective assistance of PCRA counsel claim is not cognizable, (3) his sentence was not illegally enhanced, (4) the testimony at trial that Petitioner was Muslim was appropriate, and (5) his removal from the courtroom during trial was constitutional.

When a party files timely objections to an R&R, the court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7. Here, although some of Petitioner's objections arguably repeat and rehash arguments made in the Petition, Petitioner's objections will be separately addressed.

I. *Ineffective Assistance of PCRA Counsel*

Petitioner objects to the Magistrate Judge's conclusion that the claims of ineffective assistance of his PCRA counsel are not cognizable on federal *habeas* review and argues that (1) *Martinez v. Ryan*, 566 U.S. 1 (2012), provides an exception to the requirement that this claim be presented to the state court and (2) he raised this claim in state court. Regardless of whether Petitioner previously raised his claim of ineffective assistance of PCRA counsel, this argument lacks merit. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Though the *Martinez* Court discussed ineffectiveness of counsel at collateral proceedings, it did so only as a cause to excuse default of a claim of ineffectiveness of *trial counsel*. *Martinez*, 566 U.S. at 14. Because *Martinez* does not render an ineffective assistance of PCRA counsel claim cognizable on federal *habeas* review, the Magistrate Judge did not commit error. Accordingly, Petitioner's objection on this issue is overruled.

*II. Procedurally Defaulted Claims*

In the R&R, the Magistrate Judge also found that Petitioner's trial counsel ineffective assistance claim and the sub-claims within his claim of denial of a fair trial—namely, the modification of a surveillance video, admission of photos of the victim's injuries, the all-white jury, and the trial court's use of an interpreter—were procedurally defaulted and could not be revived under *Martinez*.

Petitioner objects to this finding and argues that he fully and properly exhausted his sub-claims related to the surveillance tape and the use of an interpreter with an unknown relationship to the victim, and therefore, these claims are not procedurally defaulted. Petitioner is mistaken.

"A habeas claim has been procedurally defaulted when 'a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). A claim is also procedurally defaulted if it was not presented to the state courts and a petitioner would now be barred from doing so. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Here, the state-court record confirms that, in the original and amended petitions for PCRA relief, Petitioner did not present nor argue the sub-claims related to the surveillance video or interpreter when presenting his claim that he was denied a fair trial (as required to have these claims reviewed by the state court). (State Ct. R., ECF 18-1, pp. 380–89, 487–92); *see McCandless*, 172 F.3d at 260. Further, Petitioner would now be barred from presenting these claims to the state courts because of a one-year time bar to do so. *See* 42 Pa. Cons. Stat. § 9545(b)(1). Thus, these particular sub-claims within his denial of a fair trial claim are not exhausted. The Magistrate Judge did not err in concluding that these subclaims are procedurally defaulted.

With respect to the Magistrate Judge's application of *Martinez* and related conclusions, Petitioner argues that his procedural default should be excused because his PCRA counsel abandoned him. Because *Martinez* recognized that in limited circumstances, the ineffectiveness of counsel at the collateral review stage may revive an otherwise defaulted and meritorious claim of ineffective assistance of trial counsel (and, by consequence, Petitioner's sub-claims related to denial of a fair trial), Petitioner objects to the Magistrate Judge's conclusion that *Martinez* does not apply. Petitioner's objection is, however, misguided.

To revive a claim under *Martinez* through an ineffective assistance of PCRA counsel claim, a petitioner must show that the underlying claim is "substantial," meaning there is "some merit" to the ineffective assistance of trial counsel claim, and that during the initial phase of state collateral review, the petitioner had either no counsel or ineffective counsel. *Martinez*, 566 U.S. at 1, 14, 17; *Gaines v. Superintendent Benner Twp. SCI*, 33 F.4th 705, 711 (2022). This standard is comparable to the "substantiality requirement for a certificate of appealability," which asks a court to determine if "reasonable jurists could debate" whether counsel was ineffective. *Gaines*, 33 F.4th at 711.

In addition, to succeed on an ineffective assistance of trial counsel claim, a petitioner must show (1) that counsel's performance was deficient—that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense by showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it "[falls] below an objective standard of reasonableness under prevailing professional norms." *Collins v. Sec'y of Pa. Dep't of Corrs.*, 742 F.3d 528, 546 (3d Cir. 2014) (quotation marks omitted). To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* A reasonable probability is a "probability sufficient to undermine

confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. In assessing the claim of ineffectiveness, a court must "consider the totality of the evidence before the . . . jury." *Id.*

Here, Petitioner contends that trial counsel was ineffective for (1) failing to offer expert testimony regarding Petitioner's state of mind at age fifteen and (2) agreeing to the admission of evidence of his incarcerated status. As to Petitioner's contention that expert testimony should have been offered, the Magistrate Judge concluded that Petitioner has not shown either that trial counsel was deficient for not offering expert testimony or that Petitioner was prejudiced by the lack of expert testimony. Specifically, the Magistrate Judge found that Petitioner failed to satisfy any of the five factors to establish his claim of ineffective assistance of counsel based on counsel's failure to call a witness, including an expert witness. The five-factor test includes: (1) that the witness existed, (2) that the witness was available, (3) that counsel was informed of the existence of the witness or should have known of the witness's existence, (4) that the witness was prepared to cooperate and would have testified on appellant's behalf, and (5) that the absence of the testimony prejudiced appellant. *See Moore v. DiGuglielmo*, 489 F. App'x 618, 625–26 (3d Cir. 2012) (citing *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003)). This Court notes that nowhere in his Petition or objections does Petitioner address any of the factors required to support his claims of ineffective assistance of counsel based on a failure to call a witness, including an expert. *See Gay v. Wilson*, 2007 WL 2823659, at *12 (E.D. Pa. Sept. 24, 2007) (applying five-factor test for failure to call an expert witness); *Johnston v. Ransom*, 2020 WL 5413382, at *7 (E.D. Pa. Jan. 6, 2020), report and recommendation adopted, 2020 WL 5407866 (E.D. Pa. Sept. 9, 2020) (same). Thus, this Court finds that the Magistrate Judge correctly concluded that Petitioner has not met his burden to show that trial counsel was ineffective for failing to call an expert witness.

As to the argument regarding the prosecutor's reference to Petitioner's incarceration, such reference only rises to the level of plain error when such reference was a "constant reminder" to the jury that "impair[ed] the presumption of his innocence." *See United States v. Faulk*, 53 F. App'x 644, 647–48 (3d Cir. 2002). Here, Petitioner has not presented any such argument that when the prosecutor raised the subject of Petitioner's incarceration, it was a constant reminder to the jury that impaired the presumption of his innocence. Because Petitioner's provided reasons and argument that trial counsel provided ineffective assistance do not meet the legal standards for the failure to call a witness or for not objecting to the reference to his incarceration, Petitioner's claim of counsel's ineffectiveness is not substantial. The question of whether trial counsel was ineffective is, therefore, not debatable. *See Martinez*, 566 U.S. at 1, 14, 17; *Gaines*, 33 F.4th at 711. For the reasons set forth, this Court finds that the Magistrate Judge did not err, that Petitioner's underlying claim that trial counsel was ineffective does not have merit, and that Petitioner cannot revive the above-listed defaulted claims under *Martinez* on the basis that his PCRA counsel abandoned him. Accordingly, Petitioner's objection on these issues is overruled.

### III. Petitioner's Enhanced Sentence

Petitioner also objects to the Magistrate Judge's conclusion that *habeas* relief is not warranted on Petitioner's enhanced sentence claim because the Pennsylvania Superior Court did not unreasonably apply *Alleyne v. United States*, 570 U.S. 99 (2013). In his objection, Petitioner contends that his two prior murder convictions were facts not submitted to the jury in his 2003 trial as an enhancement element that increased the mandatory minimum sentence, but rather considered by the judge in sentencing. Petitioner's argument is misguided. In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum sentence is an element of a crime that must be submitted to the jury. *Id.* at 104. Prior convictions, however, are an exception to the rule that any fact increasing the mandatory minimum must be submitted to a jury. *Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014) (citing *Alleyne*, 570 U.S. at 116); *see also United States v. Jones*, 332 F.3d 688, 694 (3d Cir. 2003). As such, the Magistrate Judge did not commit error. Because Petitioner's prior convictions were not required to have been submitted to the jury, even

4

   3. No evidentiary hearing is deemed necessary;

   4. The *petition for a writ of habeas corpus*, filed pursuant to 28 U.S.C. § 2254, is

      **DENIED**;

---

when these convictions increased his sentence beyond the mandatory minimum, Petitioner's objection under *Alleyne* is overruled. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244–46 (1998) (recognizing the exception that a prior conviction need not be deemed an element of an offense).

*IV. Testimony on Petitioner's Religion*

Petitioner also objects to the Magistrate Judge's conclusions that testimony regarding his religion was: relevant, provided for a limited purpose, insubstantial, and did not inflame any passion or prejudice of the jury. In support of his objection, Petitioner cites *Bains v. Cambra*, a case in which the United States Court of Appeals for the Ninth Circuit held that a prosecutor violated the defendant's due process and equal protection rights by introducing evidence of the defendant's Sikh beliefs concerning marriage and divorce not only to offer a potential motive for and intent to murder, but also to "invite the jury to give in to their prejudice and buy into various stereotypes." 204 F.3d 964, 974 (2000). As summarized by the Magistrate Judge, at Petitioner's trial, defense counsel attempted to cast doubt on whether an item of clothing belonged to Petitioner because the name written on the clothing's tag was spelled Mikal rather than Michael. The prosecutor rebutted the argument with testimony that Petitioner's legal name, "Michael," was spelled differently than the name on several clothing tags because "Mikal" was Petitioner's Muslim name. This Court finds the testimony about the Muslim spelling of Petitioner's name to be distinguishable from *Bains*, in which the prosecutor pushed the jury to give into prejudice and stereotypes. In Petitioner's trial, the limited testimony on Petitioner's religion served only to establish that a piece of evidence belonged to him. As such, the state court did not violate Petitioner's constitutional due process and equal protection rights. Petitioner's objection as to the introduction of his religion at trial is, therefore, overruled.

*V. Petitioner's Removal from the Courtroom During Trial*

Lastly, Petitioner objects to the Magistrate Judge's conclusion that Petitioner failed to explain how *Illinois v. Allen*, 397 U.S. 337 (1970), was unreasonably applied by the state court with respect to Petitioner's removal from the courtroom during his trial. Petitioner argues that he lost his constitutional right to be present at trial and to provide an allocution. Petitioner's argument is, however, unpersuasive. In *Allen*, the Supreme Court sets forth the permissible treatment of disruptive criminal defendants, finding it constitutionally permissible to control an obstreperous defendant by either binding and gagging the defendant, citing the defendant for contempt, or removing the defendant from the courtroom. *Id.* at 343–44. In the R&R, the Magistrate Judge summarized the state-court findings regarding Petitioner's constant disruptive decorum at trial and his attempts to sabotage completion of the trial despite repeated warnings to the consequences of his continued belligerence. "[A] federal court must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." *Steven v. Del. Corr. Ctr.*, 295 F.3d 361, 368 (3d Cir. 2002) (citations omitted). Here, Petitioner's mere assertions are insufficient to overcome, by clear and convincing evidence, the facts found by the state courts. Further, Petitioner has not shown that the state court's conclusion is inconsistent with *Allen*. As such, Petitioner's objection is overruled.

5

5.  There is no basis for the issuance of a certificate of appealability;[2] and

6.  The Clerk of Court shall mark this matter **CLOSED**.

                                             **BY THE COURT:**

                                             /s/ *Nitza I. Quiñones Alejandro*
                                             **NITZA I. QUIÑONES ALEJANDRO**
                                             *Judge, United States District Court*

---

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.